IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT W. MAUTHE, MD, PC,** | : | CIVIL ACTION |
| **individually and as the representative** | : | |
| **of a class of similarly-situated persons,** | : | |
| *Plaintiff,* | : | |
| v. | : | No. 18-1968 |
| | : | |
| **ITG, INC., et al.,** | : | |
| *Defendants.* | : | |

## MEMORANDUM

This suit arises from Defendants' alleged sending of five facsimiles ("faxes") to Plaintiff Robert Mauthe, M.D., PC in violation of the Telephone Consumer Protection Act (the "TCPA"). ECF No. 1, ¶ 1. Plaintiff[1] alleges that Defendants sent him and other health professionals advertisements by fax without their express consent "offering compensation in exchange for their participation in one or more internet or telephone surveys." ECF No. 1 at ¶¶ 2 & 52. During the time the faxes were allegedly sent to Plaintiff, Defendants were providing their customers with market research on the healthcare market. Plaintiff claims that as part of the "compensated market research program" Defendants conducted on behalf of their clients, Defendants "gather[ed] opinions and other valuable market research data from participants and then provide[d] that information to Defendants'

---

[1] Although plaintiff is a professional corporation, we refer to it as though it is Robert W. Mauthe as an individual, just as the Third Circuit did in *Mauthe v. Nat'l Imaging Assocs., Inc.*, 767 F. App'x 246, 247 (3d Cir. 2019).

1

paying clients in the health care industry." *Id.* at ¶¶ 6 & 53.

Three of the faxes Defendants allegedly sent to Plaintiff are one-page documents that invited Plaintiff to follow an internet link to determine if he qualified to participate in a telephone interview on "Catheter Usage in Spinal Cord Injury Patients." *Id*, Exs. A-C. Those faxes also advised Plaintiff that if he qualified and completed the survey, he would receive $200. *Id.* The other two faxes offered Plaintiff a $50-60 payment to participate in a short internet study on "Neurological Movement Disorders." *Id.*, Exs. D & E.

Defendants filed Motions to Dismiss the Class Action Complaint (ECF Nos. 13 & 20) arguing that the faxes in question were not "advertisements" as defined by the statute and were thus unactionable. The Court denied those motions on November 29, 2018 (ECF Nos. 39 & 40).

On June 4, 2019, Defendant ITG Investment Research, Inc. (hereinafter, "M Science") filed a Motion for Reconsideration (ECF No. 58) requesting that this Court reconsider its denial of M Science's Motion to Dismiss the Class Action Complaint (ECF No. 39) in light of alleged new controlling law announced in *Robert W. Mauthe, M.D., P.C. v. Optum Inc.*, 925 F.3d 129 (3d Cir. 2019). Defendant ITG Inc. also filed a Motion for Reconsideration (ECF No. 60) joining in M Science's request.

Upon finding that the Third Circuit's decision in *Robert W. Mauthe, M.D.,*

2

*P.C. v. Optum Inc.*, 925 F.3d 129 (3d Cir. 2019) presents an intervening change in controlling law as it promulgates a clear standard for third-party based liability actions under the TCPA, which did not exist at the time this Court denied Defendants' original motions to dismiss, the Court granted Defendants' motion for reconsideration. ECF Nos. 68 & 69. However, the Court granted leave to Plaintiff to file an amended complaint at Plaintiff's request and attestation that an amended complaint "could incorporate additional allegations meeting [the *Optum*] test." ECF No. 61 at p. 8.

Plaintiff thereafter filed an Amended Complaint (ECF No. 71), which only varies minimally from the original Complaint (ECF No. 1). Contrary to Plaintiff's averment to the Court, Plaintiff wholly failed to incorporate additional allegations that would allow this Court to find that the allegations in the new pleading meet the *Optum* test. Instead, Plaintiff now asserts that *Optum* does not apply here because in the case at hand Defendants are offering an inducement to recipients to take the proposed survey whereas in *Optum* there was no inducement being offered. The Court finds this to be a distinction without a difference. The fax senders in this case are agents of various companies, who are offering rewards to recipients who complete surveys in order to improve their products. The fact that the fax senders in this case are agents of the companies trying to improve their products and the fact that the recipients are being offered a reward for completing the surveys do not

3

remove this case from *Optum*'s ballpark.[2]

The Court finds Plaintiff's failure to assert new allegations in the Amended Complaint to meet the *Optum* test a concession that Plaintiff cannot assert allegations in this matter to meet the *Optum* test, which this Court has already recognized as the operative standard for third-party based liability actions under the TCPA in this Circuit. Therefore, the Amended Complaint will be dismissed in its entirety.

For the foregoing reasons, Defendants' Motions to Dismiss the Amended Complaint (ECF Nos. 72 & 73) will be granted with prejudice. An appropriate Order follows.

DATED: 8-29-2019

BY THE COURT:

_____
CHAD F. KENNEY, J.

---

[2] Plaintiff relies on *Lyngaas v. J. Reckner Assocs., Inc.*, No. 17-12867, 2018 WL 3634309 (E.D. Mich. July 31, 2018), an unreported case from the Eastern District of Michigan, to support its new argument that the faxes in this case are direct advertisements because the inducements for survey participation should be thought of as offers to buy services from the recipients. ECF No. 74 at p. 12. While the Court finds that on its face this case appears to be factually on point, the court in that case was not subject to the analysis of *Optum*. Further, *Lyngaas* was decided nearly a year before the Third Circuit decided *Optum*. Accordingly, the Court finds *Lyngaas* unpersuasive.

4