# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement" or "Agreement") is entered into on the date of execution among Robert W. Mauthe, M.D., P.C. ("Plaintiff"), on behalf of itself and a settlement class of similarly-situated persons (identified herein as the "Settlement Class"), and ITG, Inc. ("ITG"), ITG Investment Research, Inc. ("ITGIR"), and M Science, LLC ("M Science"). ITG, ITGIR, and M Science are collectively referred to as "Defendants." The parties to this Agreement are collectively referred to as "the Parties."

**WHEREAS**, on behalf of itself and a putative class of similarly-situated persons, Plaintiff filed the civil action against Defendants now pending in the United States District Court for the Eastern District of Pennsylvania and entitled *Robert W. Mauthe, M.D., P.C. v. ITG, Inc.., et al.*, Case No. 18-cv-1968 (the "Action"); and

**WHEREAS**, Plaintiff alleges in the Action that Defendants violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227, and FCC implementing regulations by sending unsolicited advertisements by facsimile; and

**WHEREAS**, the Parties engaged in discovery and Plaintiff's counsel investigated the relevant facts and law relating to the Action; and

**WHEREAS**, Plaintiff's counsel contends that Defendants sent thousands of facsimiles containing material advertising the commercial availability or quality of Defendants' property, goods, or services; and

**WHEREAS**, Defendants have denied and continue to deny liability for the claims made in the Action, denying among other things that the facsimiles at issue were unsolicited advertisements and that they were sent without permission; and

**WHEREAS**, the parties engaged in mediation with the Hon. James Epstein (Ret.) of JAMS on April 26, 2021; and

**WHEREAS**, after considering the benefits to the Settlement Class and the attendant risks, costs, uncertainties, and delays of litigation, Plaintiff and its attorneys have concluded that the terms and conditions provided for in this Agreement are fair, reasonable, and adequate for the Settlement Class; and

**WHEREAS**, after considering, among other things, the additional expense, inconvenience, and delay that would result from the continuation of the Action and to obtain the final release, order, and judgment contemplated by the Agreement, Defendants have agreed to resolve the controversy upon the terms and conditions of this Agreement; and

**WHEREAS**, the Parties stipulate and agree that the claims of the Settlement Class against Defendants should be and are hereby compromised and settled, subject to the approval of the Court after notice to the Settlement Class, upon the following terms and conditions:

1.      Recitals. The above-described recitals are incorporated herein and made a part hereof.

2.      The Settlement Class. The Parties agree that the Settlement Class will be defined as follows: "All persons that were sent one or more facsimiles from "ITG

2

Market Research" on: (1) August 28, 2014, August 29, 2014, or September 2, 2014, seeking paid participation in a study on catheter usage in spinal cord injury patients; (2) January 8, 2015 or January 12, 2015, seeking paid participation in a study on usage of a medical information website; or (3) March 20, 2015 or March 23, 2015, seeking paid participation in a study on neurological movement disorders." The Settlement Class excludes: (1) Defendants, any parent, subsidiary, affiliate, or controlled person of any Defendant, as well as their attorneys, officers, directors, agents, servants, or employees, and the immediate family members of such persons; (2) the named counsel in the Action and any employee of their office or firm; (3) the judge(s) assigned to the Action and his or her staff; and (4) the mediator(s) assigned to the Action and his or her staff.

3.    Class Representation. For the purposes of settlement, Plaintiff is the "Class Representative" and Phillip A. Bock of Bock Hatch & Oppenheim, LLC and Richard J. Shenkan of Shenkan Injury Lawyers, LLC are "Class Counsel."

4.    For Settlement Only. This Agreement and the assertions, statements, and representations made herein are for settlement purposes only. If this Agreement is not finally approved, the Parties expressly agree that this Agreement will then be null and void and may not be used by any party for any purpose.

5.    Settlement Fund. As detailed herein, Defendants have agreed to make available a total of $7,900,000.00 (the "Settlement Fund") to pay Approved Claims (as defined below), to pay a service award to the Class Representative, to pay attorney's fees and expenses to Class Counsel, and to pay settlement administration

costs. Defendants need not segregate funds or otherwise create any special account to hold the Settlement Fund. Defendants will not relinquish control of any money until payments are due. Under no circumstance shall Defendants be responsible for any payment, individually or in the aggregate, in excess of the total amount of the Settlement Fund. Defendants are jointly and severally liable to make payments required by this Agreement, regardless of any allocation decided among themselves. Except as required under the terms of this Agreement, Defendants will keep all unclaimed money in the Settlement Fund.

6. <u>Settlement Administrator</u>. The Parties have agreed to retain Class-Settlement.Com to serve as the "Settlement Administrator" or "Administrator" to: (a) send the Class Notice to the Notice List by U.S. Mail and by facsimile; (b) maintain a settlement website or webpage containing this settlement agreement, the notice and claim form, and the Class Action Complaint, and permitting claimants to submit the claim form electronically, (c) respond to questions from persons who contact the Administrator; (d) receive and process the claim forms, (e) provide a list of approved and rejected claims to counsel for the Parties along with copies of the claim forms submitted; (f) create a Qualified Settlement Fund to receive and distribute settlement funding from Defendants; (g) issue settlement checks to approved claimants and make the other payments approved or required by the Court in the Final Approval Order; and (h) and prepare and submit any and all required tax filings. The parties will have the opportunity to review the list of claims and claim forms for the purposes of objection. After consideration of such objections, the final decision of the

4

Administrator as to the approved claims (the "Approved Claims") and the rejected claims will be binding. All expenses of settlement administration, including without limitation, issuing notice to the Settlement Class, processing claims, and distributing claims payments shall be borne by Defendants and deducted from the Settlement Fund. If the Court refuses to approve the settlement, Defendants will be responsible to pay the settlement administration expenses incurred through the date of non-approval.

7.      Class Notice. The Parties' proposed "Notice of Class Action and Proposed Settlement with attached Claim Form" (the "Class Notice") is attached as Exhibit 1. The "Notice List" is comprised of the 31,035 unique fax numbers appearing on three lists produced in the Action (bates numbered ITG_47025, ITGINC00000038, and ITGINC00001074), and the names and mailing addresses corresponding to those fax numbers in the contact information produced by Defendants. The Settlement Administrator will reference the NPI database and the National Change Of Address database as it deems necessary for purposes of compiling the Notice List. Within 14 days after the Court's Preliminary Approval Order, the Settlement Administrator will cause the Class Notice to be sent by facsimile and by first class U.S. Mail to the Notice List. All persons identified in Defendant's contact information in association with a particular fax number will be named as an addressee on the mail notice; *e.g.*, if three different people are named in association with a particular fax number, then all three names shall be identified in the mailing address for the mail notice. There will be one mailing per unique fax number.

8.    CAFA Notice. Within 10 days after this Agreement is filed with the Court, the Settlement Administrator shall cause the notice required by 28 U.S.C. 1715 to be issued to the appropriate Federal and State officials.

9.    Relief to the Settlement Class. Each person who submits an "Approved Claim" shall be paid $500.00 for each of their fax numbers that appears on the Notice List, such amount to be reduced on a *pro rata* basis if the total settlement payments (valid claims, notice and administration costs, service awards, and attorney's fees) would otherwise exceed the Settlement Fund. If multiple persons submit timely and valid claims for the same fax number, the Settlement Administrator shall divide the $500 payment(s) equally among them. Claim Forms will be due within 90 days after the Notice is sent. Any class member who does not submit a Claim Form within the 90-day time limit, as evidenced by postmark or other identifiable date of transmission or upload to the Settlement Administrator's website, shall receive no monetary payment from the Settlement Fund. If any claimant does not cash its settlement check within 180 days after issuance, the check shall be voided.

10.    Service Award and Attorney's Fees and Expenses. Subject to the Court's approval after notice to the Settlement Class and the issuance of the Final Approval Order, Defendants agree that Plaintiff will be paid a service award of $15,000.00 from the Settlement Fund for representing the Settlement Class. Subject to the Court's approval after notice to the Settlement Class and the issuance of the Final Approval Order, Defendants agree that Class Counsel will be paid one third of the Settlement Fund ($2,633,333.33) as attorney's fees, plus out-of-pocket expenses not to exceed

6

$85,000.00, also from the Settlement Fund. No Defendant will object to a request for these amounts, nor will any appeal an award not exceeding these amounts. The amounts the Court awards will be set forth in the Final Approval Order and shall be paid from the Settlement Fund as provided herein.

11.    Court Submission. Class Counsel will submit this Agreement and its Exhibits, along with such other supporting papers as may be appropriate, to the Court for preliminary approval pursuant to Federal Rule of Civil Procedure 23. The Parties' proposed "Order Preliminarily Approving Class Action Settlement and Proposed Notice" (the "Preliminary Approval Order") is attached as Exhibit 2.

12.    Opting Out of the Settlement Class. Any member of the Settlement Class may request exclusion from the Settlement Class by sending a written request to the Clerk of the United States District Court for the Eastern District of Pennsylvania, U.S. Courthouse, 601 Market St., Philadelphia, PA 19106. The request must identify the class member's name, street address, and fax number(s), and the case name and number of this Action. The deadline to request exclusion will be set in the Preliminary Approval Order and the Court will rule on the exclusion requests in the Final Approval Order.

13.    Objecting to the Settlement. Any member of the Settlement Class who does not request exclusion from the Settlement Class may object to the Settlement Agreement, Class Counsel's requested fee award, or the request for a service award to Plaintiff. An objection must be signed under penalties of perjury and identify the following information: (1) the objector's name, address, fax number(s), and telephone

7

number, (2) the specific date(s) when the objector received one or more of the Faxes, (3) all attorneys who assisted the objector in preparing or filing the objection, (4) a list of all other class action cases in which the objector or their attorneys have submitted an objection to a settlement, and (5) a statement of the reasons why the objector contends the Court should find that the proposed settlement is not fair, reasonable, adequate, and in the best interests of the Settlement Class. The objection and all related papers must be filed with the Court and also served upon the parties as provided in the Notices section below. Any person who objects to the settlement must also appear at the fairness hearing. The deadline to object will be set in the Preliminary Approval Order.

14.     Final Fairness Hearing. The Preliminary Approval Order will set a date for a final fairness hearing at which the Parties will request that the Court enter the "Final Approval Order" in the form attached hereto as Exhibit 3.

15.     Agreement Contingent Upon Entry of Final Approval Order. This Agreement is contingent upon the Court's entry of an order approving the terms of this Agreement after notice to the Settlement Class (the "Final Approval Order"). If the Court refuses to grant final approval to the terms set forth herein, including the Releases, or if the Final Approval Order is reversed or substantially modified on appeal, or, for any reason, this Agreement does not become effective, then this Agreement shall be null and void and, other than Defendants' agreement in Paragraph 6 to pay the cost the Settlement Administrator incurs in sending the Class

8

Notice and setting up the claims process, all Parties shall have the same rights they had prior to entering into this Agreement.

16.    The Effective Date. The Effective Date is the date on which the last of the following occurs: (a) the Court enters a Final Approval Order, in substantially the form attached hereto as Exhibit 3, dismissing with prejudice the claims of all class members (including Plaintiff) who have not requested exclusion; and (b) if any class member has filed an objection, the date for filing an appeal from such Final Approval Order has expired or, if there are appeals, the settlement and judgment has been affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review.

17.    Timing for Payment. Thirty (30) days after the Effective Date, Defendants shall pay by check or wire transfer to "Bock Hatch & Oppenheim, LLC IOLTA Client Trust Account" the attorney's fees, expenses, and service award that the Court awards in the Final Approval Order. Defendants shall pay by check or wire transfer to the Settlement Administrator all funds necessary to pay class members' total Approved Claims, so the Settlement Administrator can issue claims payment checks. Defendants will do so within the later of the thirty (30) days after the Effective Date and fourteen (14) days after the Settlement Administrator advises Defendants' counsel of the total dollar value of Approved Claims.

9

18.    Releases.

a.    Upon the Effective Date, Plaintiff and every member of the Settlement Class who did not timely opt out of the Settlement Class, shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, relinquished, and discharged ITG, Inc., ITG Investment Research, Inc., and M Science, LLC, and their respective past or present directors, officers, employees, principals, agents, attorneys, insurers, predecessors, heirs, successors, parents, and subsidiaries from any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses, and costs, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, that have been, could have been, or in the future might be asserted that arise out of or relate to the facsimiles from "ITG Market Research" on (1) August 28, 2014, August 29, 2014, or September 2, 2014, seeking paid participation in a study on catheter usage in spinal cord injury patients; (2) January 8, 2015 or January 12, 2015, seeking paid participation in a study on usage of a medical information website; or (3) March 20, 2015 or March 23, 2015, seeking paid participation in a study on neurological movement disorders (the "Releases" or the "Released Claims"). "Released Claims" do not include claims related to other fax transmissions and do not include any failure by any Party hereto to fully comply with the terms of this Agreement. Nothing herein shall be construed as releasing any claim not related to the Action.

10

b.     Upon the Effective Date, Defendants shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally and forever released, relinquished and discharged Plaintiff, each member who does not timely opt out of the Settlement Class, and Class Counsel, and their respective past or present directors, officers, employees, principals, agents, attorneys, insurers, predecessors, heirs, successors, parents, subsidiaries, divisions and related or affiliated entities, from all claims based upon or arising out of the institution, prosecution, assertion, settlement or resolution of the Action, and all Released Claims, except for enforcement of this Agreement.

19.   No Admission of Wrongdoing. Neither the fact of, nor any provision contained in this Agreement, nor any drafts thereof, nor any proceedings taken pursuant to this Agreement:

a.     shall be offered or received against any Party as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Party with respect to the truth of any fact alleged by the other Party or the validity or lack thereof of any claim that has been or could have been asserted in the Action or in any litigation, or the sufficiency or deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing, or lack thereof, of Defendants;

11

b.  shall be offered or received against any Party as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the other Party;

c.  shall be offered or received against any Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, breach of duty, or wrongdoing, or lack thereof, or in any way referred to for any other reason as against the other Party, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement; provided, however, that if this Agreement is approved by the Court, the Parties may refer to it to effectuate the liability protection granted them hereunder; and

d.  shall be construed against any Party as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial.

20.  Notices. Requests for exclusion and objections to the Agreement or settlement shall be sent to:

Phillip A. Bock
BOCK HATCH & OPPENHEIM, LLC
134 N. La Salle St., Suite 1000
Chicago, IL 60602

Brette Tannenbaum
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019

Patrick Doran
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102

21.    Integration Clause. This Agreement contains the full, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and supersedes any prior writings or agreements (written or oral) between or among the Parties, which prior agreements may no longer be relied upon for any purpose. This Agreement shall not be orally modified in any respect and can be modified only by the written agreement of the Parties supported by acknowledged written consideration, and, after preliminary approval, with approval by the Court.

22.    Headings and Capitalized Terms. Headings contained in this Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Agreement. Capitalized terms shall be given their defined meaning.

23.    Binding and Benefiting Others. This Agreement shall be binding upon and inure to the benefit or detriment of the following and only the following: the Parties and the Settlement Class members who do not opt out, and their respective agents, employees, representatives, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, heirs, executors, assigns, and successors in interest.

24. <u>Representations and Warranties</u>. Each Party represents, warrants, and agrees that, in executing this Agreement, they do so with full knowledge of all rights that they may have with respect to the claims released in this Agreement and that they have received independent legal counsel from their attorney with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts. Each of the individuals executing this Agreement warrants that he or she has the authority to enter into and sign this Agreement.

25. <u>Governing Law</u>. The contractual terms of this Agreement shall be interpreted and enforced in accordance with the substantive law of the Commonwealth of Pennsylvania, without regard to its conflict of laws and choice of law provisions.

26. <u>Severability</u>. In the event any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision if, and only if, the Parties and their counsel mutually elect by written stipulation to be filed with the Court within twenty days to modify the Agreement and proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Agreement.

27. <u>Continuing Jurisdiction</u>. Without affecting the finality of the Final Approval Order, the Court may retain continuing jurisdiction over the Action and the Parties, including all members of the Settlement Class, the administration and enforcement of this Agreement, and the benefits to the Settlement Class hereunder,

14

including for such purposes as supervising the implementation, enforcement, construction, and interpretation of this Agreement, the order preliminarily approving the settlement, the Final Approval Order, and the distribution of settlement proceeds to the Settlement Class.

28.    Dispute Resolution. The Parties agree to meet and confer in good faith in regard to any dispute relating to the settlement or to the administration of the settlement, prior to seeking relief from the Court. Any dispute or controversies arising with respect to the interpretation, enforcement, or implementation of the Agreement shall be presented by motion to the Court. The parties hereby submit to the exclusive jurisdiction of the United States District Court for the Eastern District of Pennsylvania for the purposes of any suit, action, proceeding or dispute arising out of or relating to this Agreement or the applicability of this Agreement.

29.    Counterparts. This Agreement may be executed in one or more counterparts and, if so executed, the various counterparts shall be and constitute one instrument for all purposes and shall be binding on each of the Parties that executed it, provided, however, that none of the Parties shall be bound unless and until all Parties have executed this Agreement. For convenience, the several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed on the date set forth underneath their respective signatures.

PLAINTIFF AND THE SETTLEMENT CLASS

By: _____
        Phillip A. Bock
        Richard J. Shenkan

Dated: __6/28/21__

ITG, INC.

By: _____

Its: _____

Dated: _____

M SCIENCE LLC, FOR ITSELF AN ON BEHALF OF ITS PREDECESSOR ITG INVESTMENT RESEARCH, INC.

By: _____

Its: Counsel of Record

Dated: 6/28/21

16

**NOTICE OF CLASS ACTION SETTLEMENT**
**Please give this to a person who makes legal decisions for your business.**
**You may benefit from this. Please read it carefully. You are not being sued.**
**You must submit a Claim Form (attached) to receive a settlement check.**

---

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT W. MAUTHE, M.D., P.C., individually and as the representative of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>ITG, INC.; ITG INVESTMENT RESEARCH, INC., and M. SCIENCE LLC,<br><br>Defendants. | No. 5:18-cv-01968-CFK<br><br>Honorable Chad F. Kenney, Judge Presiding |

## NOTICE OF CLASS ACTION SETTLEMENT WITH ATTACHED CLAIM FORM

To:   All persons that were sent one or more facsimiles from "ITG Market Research" on: (1) August 28, 2014, August 29, 2014, or September 2, 2014, seeking paid participation in a study on catheter usage in spinal cord injury patients; (2) January 8, 2015 or January 12, 2015, seeking paid participation in a study on usage of a medical information website; or (3) March 20, 2015 or March 23, 2015, seeking paid participation in a study on neurological movement disorders.

These persons are members of the "Settlement Class" discussed in this notice.

**A.     WHY HAVE YOU RECEIVED THIS NOTICE?** The Court required the settlement administrator to send this notice to your mailing address and fax number because, based on records identified in the lawsuit, it appears that one or more of the "ITG Market Research" facsimiles at issue may have been sent to your fax number, which would make you are a member of the Settlement Class whose claims will be resolved in the settlement of this case.

**B.     WHAT IS THIS CLASS ACTION LAWSUIT ABOUT?** The named plaintiff, Robert W. Mauthe, M.D., P.C. ("Plaintiff"), a medical practice, filed this lawsuit alleging that ITG, Inc., ITG Investment Research, Inc., and M Science LLC (collectively, "Defendants"), sent unsolicited advertisements by facsimile (the "Faxes") to Plaintiff and other similarly-situated persons without their prior express invitation or permission, or without the required opt-out notice, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. Defendants deny these allegations. Defendants argue among other things that the Faxes did not constitute advertisements for purposes of the TCPA, that there was prior express invitation

# EXHIBIT 1

or permission to send the Faxes, and that there is no evidence proving who or what fax numbers received any of the Faxes. Although the Faxes have been held to satisfy the TCPA's definition of "advertisement," the Court has not decided any other issue in the case, including whether a merits class would be certified over Defendants' objections. Notwithstanding their disagreements, the parties have agreed to a settlement that, if finally approved by the Court, will resolve the Settlement Class's claims about the Faxes.

**C.**     **WHAT IS THE PROPOSED SETTLEMENT?** Without admitting any fault or liability, and in exchange for a release of all claims about the Faxes, Defendants have agreed to make up to $7,900,000 (the "Settlement Fund") available to pay approved claims, to pay a service award to Plaintiff for serving as the "Class Representative," and to pay attorney's fees and expenses to Plaintiff's attorneys. Each person who submits an approved Claim Form (attached) will be mailed a $500 payment for each of their fax numbers appearing on a list of 31,035 different fax numbers compiled from data uncovered during the litigation. If multiple persons submit Approved Claims for the same fax number, the Settlement Administrator shall divide the $500 payment equally among them. If the approved payments would otherwise exceed the total Settlement Fund, then the claims payments would be reduced so the total of all payments equals the Settlement Fund. On the attached Claim Form, you can identify yourself and the fax number(s) you used or owned, and the Settlement Administrator will compare your submitted information to the information compiled during the lawsuit to confirm your eligibility for claims payment. If the Settlement Administrator requires additional information from you, they will contact you.

The Court has preliminarily approved this settlement, subject to a fairness hearing that will occur on _____, at _____, in Courtroom 6-A of the United States District Court for the Eastern District of Pennsylvania, U.S. Courthouse, 601 Market St., Philadelphia, PA 19106.

**D.**     **WHAT CAN YOU DO NOW? YOU HAVE FOUR OPTIONS.**

   **1.**     **Return a completed Claim Form.** To claim your share of the Settlement Fund, you must complete and return a signed Claim Form, postmarked, faxed, or uploaded to the settlement website no later than _____. Claim Forms received after [90 days from [XX or DATE] will not be approved. The Claim Form is attached as the last page of this Notice. You will find submission instructions at the bottom of the form. You do not need to remember receiving any fax from Defendants and you do not need to submit any copies of any faxes you received. If your claim is approved, you will be mailed a check for your share of the Settlement Fund.

   **2.**     **Do nothing.** If you do nothing, you will stay in the Settlement Class and you will be bound by any judgment entered by the Court, and you will release your claims against Defendants about the Faxes, but you will receive no payment unless you submit a Claim Form.

   **3.**     **Exclude yourself from the Settlement Class and the settlement.** The Court will exclude from the class any member who requests exclusion. You can

**EXHIBIT 1**

request exclusion by sending your request in writing to the Clerk of the United States District Court for the Eastern District of Pennsylvania, U.S. Courthouse, 601 Market St., Philadelphia, PA 19106. Your request must be postmarked by _____, and it must list your name, street address, fax number(s), and the case name and number above.

**4.**     **Object to the settlement in writing.** If you object to the settlement, and you want to file an objection rather than excluding yourself, you must submit your objection in writing to the Clerk of the United States District Court for the Eastern District of Pennsylvania, U.S. Courthouse, 601 Market St., Philadelphia, PA. Your objection must be postmarked by _____. You must also serve copies of your objection and any supporting memoranda or materials on the attorneys identified below, postmarked by the same date and addressed to:

For the Settlement Class:

Phillip A. Bock
Bock Hatch & Oppenheim, LLC
134 N. La Salle St. Ste 1000
Chicago, IL 60602

For ITG, Inc.:

Brette Tannenbaum
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019

For M Science LLC

Patrick Doran
Buchanan Ingersoll & Rooney PC
Two Liberty Place
50 S. 16th Street, Ste 3200
Philadelphia, PA 19102

Your objection must provide the following information: (1) your name, address, fax number(s), and telephone number; (2) the specific date(s) when you received one or more of the Faxes; (3) the names of any attorneys who assisted you in preparing or filing your objection; (4) a list of all other class action cases in which you or those attorneys have submitted an objection to a settlement; whether your objection applies only to you, to a specific subset of the class, or to the entire class; and (5) a statement of the specific reasons for your objection and why you contend the Court should determine that the proposed settlement is not fair, reasonable, adequate, and in the best interests of the Settlement Class. If your objection does not comply with these requirements, the Court will strike and disregard your objection. It is not enough to say that you object; you must state the reason(s) why you believe the Court should reject the settlement. You must sign your objection under penalties of perjury. If you file an objection, then you must also appear at the fairness hearing before Judge Chad F. Kenney in Courtroom 6-A of the United States District Court for the Eastern District of Pennsylvania, U.S. Courthouse, 601 Market St., Philadelphia, PA 19106 on _____, at _____. Due to the ongoing Covid-19 pandemic, the fairness hearing may occur by videoconference, in whole or in part. You are not required to attend the hearing unless you object to the settlement.

**EXHIBIT 1**

**E.     WHO REPRESENTS THE CLASS?** The Court appointed Plaintiff to be the "Class Representative" and appointed Plaintiff's attorneys, Phillip A. Bock of Bock Hatch & Oppenheim, LLC and Richard J. Shenkan of Shenkan Injury Lawyers, LLC, as "Class Counsel" to represent the entire Settlement Class. At the fairness hearing, Class Counsel will request that the Court approve a service award of $15,000 from the Settlement Fund to Plaintiff for its service on behalf of the Settlement Class. Class Counsel will also request that the Court award them a total of one third of the Settlement Fund ($2,633,333.33) as attorney's fees, plus their out-of-pocket litigation expenses up to $85,000, also to be paid from the Settlement Fund. You may enter your appearance in this case through an attorney of your choice, at your own expense, but you are not required to do so.

**F.     WHEN WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?** The Court will hold a hearing to decide whether the proposed settlement is fair, reasonable, and adequate and should be approved. At that fairness hearing, the Court will hear any objections and arguments about the proposed settlement, including about the attorney's fees and expenses requested by Class Counsel and the service award requested for the Class Representative. The fairness hearing will take place on _____, at_____, in Courtroom 6-A of the United States District Court for the Eastern District of Pennsylvania, U.S. Courthouse, 601 Market St., Philadelphia, PA. **You do not need to attend this hearing unless you object**. Due to the ongoing Covid-19 pandemic, the fairness hearing may occur by videoconference, in whole or in part. The hearing may be continued to a future date without further notice. If the Court does not approve the settlement, the litigation will proceed as if no settlement has been attempted. If the settlement is not approved, there is no assurance that the Settlement Class will recover more than is provided in the settlement, or anything at all.

**G.     HOW CAN YOU OBTAIN MORE INFORMATION?** This notice provides only a general description of the litigation and it does not discuss all the issues and proceedings. If you have specific questions, you may write to Class Counsel at the address above. Include the case number, your name, your fax number, and your telephone number. Or, you may call Class Counsel Phillip A. Bock at 312-658-5501 (leave message for call back). You may contact the Settlement Administrator (Class-settlement.com) by calling **[number]**. To obtain a copy of the settlement agreement, the Class Action Complaint, or this notice and claim form, you may visit the settlement website, **[website]**. To review other documents in this case, you may visit the Clerk's Office at the United States District Court for the Eastern District of Pennsylvania, U.S. Courthouse, 601 Market St., Philadelphia, PA 19106, or access PACER online (www.pacer.gov).

Please do not contact the Court, the Judge, or the Judge's staff, because they cannot answer your questions or give you advice about this settlement.

**BY ORDER OF THE COURT**
**HONORABLE CHAD KENNEY**

Page 4 of 6

**EXHIBIT 1**

## CLAIM FORM
## Mauthe v. ITG, Inc., ITG Investment Research, Inc., and M Science LLC

Fax Number: <populated by administrator>

*You must complete all* **THREE** *steps below to claim a share of the Settlement Fund*:

### 1.   You must provide your contact information.

Name:_____

Company:_____

Address:_____

City/State/Zip Code: _____

Telephone Number:_____   Email Address: _____

Fax Numbers (list or attach a listing of all fax numbers you or your company used on August 28, 2014, August 29, 2014, September 2, 2014, January 8, 2015, January 12, 2015, March 20, 2015, or March 23, 2015):

(_____)_____-_____,  (_____)_____-_____

(_____)_____-_____,  (_____)_____-_____

### 2.   You must verify that you or your company used or owned the fax numbers you've identified above, but you do not need to remember receiving any fax from ITG Market Research.

"At least ONE of the following things was true on August 28, 2014, August 29, 2014, September 2, 2014, January 8, 2015, January 12, 2015, March 20, 2015, or March 23, 2015:

a.   The fax number(s) listed above was/were mine or my company's; or

b.   I used the fax number(s) listed above, or my company used the fax number(s) listed above; or

c.   I received facsimiles at the fax number(s) listed above, or my company received facsimiles at the fax number(s) listed above."

By signing and submitting this Claim Form, I certify that the information above is true and accurate and that, on one or more of the dates specified above, I used or owned the fax number(s) listed above. This Claim Form may be researched and verified by the settlement administrator and/or ITG, Inc., ITG Investment Research, Inc., and M Science LLC (or any of their agents or entities).

_____
(**Sign your name here**)

### 3.   You must return this Claim Form by <!!!90 days>:

a.   Fax this Claim Form to: <!!!>

***OR***

Page 5 of 6

# EXHIBIT 1

b.    Mail this Claim Form to: <!!!>

<div align="center"><strong><em>OR</em></strong></div>

c.    Complete and submit this Claim Form electronically at: <!!!>

<div align="center"><strong>EXHIBIT 1</strong></div>

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

ROBERT W. MAUTHE, M.D., P.C.,
individually and as the representatives of a
class of similarly situated persons,

Plaintiff,

v.

ITG, INC., ITG INVESTMENT RESEARCH,
INC., and M. SCIENCE LLC,

Defendants.

Case No. 5:18-cv-01968-CFK

Honorable Chad F. Kenney

### ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

This matter coming before the Court on Plaintiff's Agreed Motion for Preliminary Approval of Class Action Settlement and Notice to the Class (the "Motion"), after reviewing and considering the Settlement Agreement, [and after hearing statements of the parties' attorneys on _____, 2021], and having been fully advised in the premises, IT IS HEREBY ORDERED and adjudged as follows:

1. Pursuant to Federal Rule of Civil Procedure 23, the settlement of this action, as embodied in the terms of the Settlement Agreement attached to the Motion, is preliminarily approved as a fair, reasonable, and adequate settlement in the best interests of the Settlement Class, in light of the factual, legal, practical, and procedural issues presented by this action. The settlement appears to have resulted from informed, good faith, arm's-length negotiations between the parties, with the assistance of a professional, experienced mediator, and is not the product of collusion. The settlement is within the range of reasonableness. The settling parties have shown that the Court will likely be able to approve the Settlement Agreement under

### EXHIBIT 2

Rule 23(e)(2) and certify the Settlement Class for purposes of judgment on the proposal. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order of this Court.

2.     Pursuant to Rule 23, by stipulation of the parties, and for the purposes of settlement, the Court certifies the following "Settlement Class":

> All persons that were sent one or more facsimiles from "ITG Market Research" on: (1) August 28, 2014, August 29, 2014, or September 2, 2014, seeking paid participation in a study on catheter usage in spinal cord injury patients; (2) January 8, 2015 or January 12, 2015, seeking paid participation in a study on usage of a medical information website; or (3) March 20, 2015 or March 23, 2015, seeking paid participation in a study on neurological movement disorders.

Excluded from the Settlement Class are (1) Defendants, any parent, subsidiary, affiliate, or controlled person of any Defendant, as well as their attorneys, officers, directors, agents, servants, or employees, and the immediate family members of such persons; (2) the named counsel in the Action and any employee of their office or firm; and (3) the judge(s) assigned to the Action and his or her staff.

3.     The Court finds that certification for purposes of settlement is appropriate because (a) the Settlement Class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the entire Settlement Class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the Settlement Class; (d) Plaintiff and its attorneys will fairly and adequately protect the interests of the

**EXHIBIT 2**

Settlement Class; and (e) a class action is the superior means of resolving this controversy.

4.     The Court appoints Robert W. Mauthe, M.D., P.C. as the "Class Representative" and appoints Phillip A. Bock of Bock Hatch & Oppenheim, LLC and Richard J. Shenkan of Shenkan Injury Lawyers, LLC as "Class Counsel."

5.     On the recommendation and agreement of the parties, the Court appoints _____ as the Settlement Administrator.

6.     It appears that the Court is likely to conclude, pursuant to Rule 23(e)(2) and after notice to the Settlement Class, that: (a) the Class Representative and Class Counsel have adequately represented the Settlement Class; (b) the proposed settlement was negotiated at arm's length; (c) the relief provided for the Settlement Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the Settling Parties agreed to an effective method of distributing relief to the Settlement Class (direct notice by facsimile and U.S. Mail and a simple, one-page claim form with minimal and fair requirements); (iii) the Settling Parties submitted copies of the signed Settlement Agreement; and (d) the proposed settlement treats class members equitably relative to each other.

7.     Good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant Final Approval of the Settlement and enter the Final Approval Order, and whether to grant Class Counsel's requested fee award and request for a service award to the Class Representative.

## EXHIBIT 2

8.     The proposed Class Notice attached as Exhibit 1 to the Settlement Agreement informs members of the Settlement Class of the Final Approval Hearing, and informs them of their right to request exclusion from the settlement or object to it. The Class Notice includes the Claim Form required to obtain monetary benefits in the settlement. The Court finds that the Class Notice and its attached Claim Form comply with Rule 23, are appropriate, and they are approved and adopted.

9.     The Agreement provides and the parties propose that the Class Notice should be sent by facsimile and by first-class U.S. Mail to the Notice List identifying the presumed holders or users of the various fax numbers that might have been sent the facsimiles at issue. The Class Notice and Claim Form, the Settlement Agreement, and the Amended Class Action Complaint will be made available to recipients of the notice on the Settlement Administrator's website.

10.     The Court finds that the Settlement Agreement's plan for notifying the Settlement Class by both mail and facsimile is the best notice practicable under the circumstances and that it satisfies the requirements of due process and Rule 23(c)(2)(B). The notice plan is approved and adopted. The Court finds and orders that no other notice is necessary. The Settlement Administrator is instructed to issue the Class Notice as proposed.

11.     Any member of the Settlement Class may request exclusion from the Settlement Class by following the instructions and procedures set forth in the Settlement Agreement and the Class Notice before the expiration of the deadline set

**EXHIBIT 2**

below to request exclusion. The Court will rule on all exclusion requests in the Final Approval Order.

12.   Any member of the Settlement Class who does not request exclusion may object to the Settlement Agreement, Class Counsel's requested fee award, or the request for a service award to Plaintiff by following the instructions and procedures set forth in the Settlement Agreement and the Class Notice before the expiration of the deadline set below to object to the settlement.

13.   The Court hereby sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines and dates in the Class Notice:

(a)   The Settlement Administrator shall send the Class Notice by fax and mail by _____;

(b)   Requests for exclusion from the Settlement Class must be submitted on or before _____, or be forever barred; and

(c)   Objections and motions to intervene, including supporting briefs, shall be filed in this Court and postmarked and served on Class Counsel and Defendants' counsel, on or before _____, or be forever barred;

(d)   Briefing in support of final approval of the settlement, including attorney's fees and expenses to Class Counsel and the requested services award to Plaintiff shall be filed by _____;

(e)   Declaration by the Settlement Administrator regarding class notice shall be filed by _____; and

**EXHIBIT 2**

(f)     The fairness hearing is hereby scheduled for _____,

at _____ a.m./p.m. in Room _____.

BY ORDER OF THE COURT

Dated: _____            _____
                                  Chad F. Kenney
                                  United States District Judge

**EXHIBIT 2**

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ROBERT W. MAUTHE, M.D., P.C.,<br>individually and as the representatives of a<br>class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>ITG, INC., ITG INVESTMENT<br>RESEARCH, INC., and M. SCIENCE LLC,<br><br>_____Defendants. | Case No. 5:18-cv-01968-CFK<br><br>Honorable Chad F. Kenney |

### FINAL APPROVAL ORDER

On _____, 2021, this Court entered an order (the "Preliminary Approval Order") granting preliminary approval to the settlement between plaintiff Robert W. Mauthe, M.D., P.C. ("Plaintiff"), on its own behalf and on behalf of the Settlement Class (as defined below), and defendants ITG, Inc., ITG Investment Research, Inc., and M Science LLC ("Defendants"), as memorialized in their Settlement Agreement filed with the Court on _____, 2021 (the "Settlement Agreement").

On _____, 2021, the Court held a fairness hearing (the "Final Approval Hearing"), for which members of the Settlement Class had been given appropriate, advance notice and invited to appear. All persons requesting to be heard in accordance with the Preliminary Approval Order were given an opportunity to be heard. Having considered the Settlement Agreement, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement, and all other evidence submitted, and good cause having been shown, **IT IS HEREBY ORDERED**:

## EXHIBIT 3

1.     The Court has jurisdiction over the parties, the members of the Settlement Class, and the claims asserted in this lawsuit.

2.     The Settlement Agreement was entered into in good faith following arm's-length negotiations through a professional mediator and is non-collusive.

3.     The following Settlement Class is certified for purposes of settlement and judgment pursuant to Federal Rule of Civil Procedure 23(a), (b)(3), and (e):

> All persons that were sent one or more facsimiles from "ITG Market Research" on: (1) August 28, 2014, August 29, 2014, or September 2, 2014, seeking paid participation in a study on catheter usage in spinal cord injury patients; (2) January 8, 2015 or January 12, 2015, seeking paid participation in a study on usage of a medical information website; or (3) March 20, 2015 or March 23, 2015, seeking paid participation in a study on neurological movement disorders.

Excluded from the Settlement Class are (1) Defendants, any parent, subsidiary, affiliate, or controlled person of any Defendant, as well as their attorneys, officers, directors, agents, servants, or employees, and the immediate family members of such persons; (2) the named counsel in the Action and each employee of their office or firm; and (3) the judge(s) assigned to the Action and his or her staff.

4.     The Court finds that certification of the Settlement Class is appropriate under Federal Rule of Civil Procedure 23(a), (b)(3), and (e) because: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Phillip A. Bock of Bock Hatch & Oppenheim, LLC and Richard J. Shenkan of Shenkan Injury

2

**EXHIBIT 3**

Lawyers, LLC are adequate Class Counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

5.     Plaintiff, Robert W. Mauthe, M.D., P.C., is appointed as the Class Representative.

6.     After due consideration of, among other things: (a) the uncertainty about the likelihood of the Settlement Class's ultimate success on the merits; (b) the range of the Settlement Class's possible recovery; (c) the complexity, expense and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of proceedings at which the settlement was achieved; (f) all written submissions, declarations and arguments of counsel; and (g) after notice and hearing, this Court finds that the settlement is fair, adequate, and reasonable.

7.     As required by Rule 23 (e) (2), the Court finds that: (a) the Class Representative and Class Counsel have adequately represented the Settlement Class; (b) the proposed settlement was negotiated at arm's length; (c) the relief provided for the Settlement Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the Parties agreed to an effective method of distributing relief to the Settlement Class (direct notice by U.S. Mail and facsimile and a simple, one-page claim form with minimal and fair requirements); (iii) the Parties submitted copies of the signed Settlement Agreement; and (d) the proposed settlement treats class members equitably relative to each other. Pursuant to Federal Rule of Civil Procedure 23(e), the Court finds that the settlement of this action, as embodied in the terms of the Settlement Agreement, is a fair, reasonable, and

3

**EXHIBIT 3**

adequate settlement of this case, in the best interests of the Settlement Class, in light of all factual, legal, practical, and procedural considerations.

8.     Accordingly, this Settlement Agreement should be and is APPROVED and shall govern all issues regarding the settlement and all rights of the Parties, including the Settlement Class Members. The Parties and their counsel shall implement and consummate the Settlement Agreement according to its terms and provisions.

9.     All members of the Settlement Class who did not request exclusion, or whose exclusion request was not approved by the Court, are bound by this Order finally approving the Settlement. Each Class Member (including any person or entity claiming by or through him, her, or it) shall be bound by the Settlement Agreement, including the Releases set forth in the Settlement Agreement. The Settlement Agreement is binding on and has *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings brought or maintained by or on behalf of Plaintiff and all other Settlement Class Members who have not opted out of the Settlement.

7.     Upon the Declaration of _____, the Court finds that the Class Notice was distributed by U.S. Mail and by facsimile to the Notice List of potential members of the Settlement Class. Further, the Settlement Administrator posted the Settlement Agreement, the Preliminary Approval Order, the Class Notice, and the Claim Form on the website _____.com, where those documents could be viewed by persons who received the Class Notice.

8.     The Court concludes that notice to the Settlement Class: (1) fully complied with the requirements of Federal Rule 23(c)(2)(B) and Constitutional due

4

**EXHIBIT 3**

process; (2) constituted the best notice practicable under the circumstances; (3) constituted notice that was reasonably calculated to apprise the members of the Settlement Class of the pendency of this Action, the settlement terms, and their right to object to or exclude themselves from the proposed Agreement and to appear at the Final Approval Hearing; and (4) constituted due and sufficient notice to all persons entitled to notice of the settlement of this Action. The Court also finds that the Parties have satisfied the requirements of Federal Rule 23(e)(1).

9.      _____ persons requested exclusion from the Settlement Class, which exclusion is approved by the Court. The following persons are excluded from the Settlement Class and the Orders entered by this Court in these proceedings: <attach list if more than 10>.

10.      _____ objections were received. The Court has considered each of these objections carefully and overrules them.

10.      Defendants have made available a total settlement fund of $7,900,000.00 (the "Settlement Fund") to pay approved claims, class action settlement administration costs, attorney's fees and expenses to Class Counsel, and a service award to Plaintiff.

11.      As agreed in and subject to the Settlement Agreement, each person who submits an approved Claim Form will be mailed a check from the Settlement Fund for $500 for each of their fax numbers that appears on the Notice List. The Settlement Administrator will mail those checks after receiving funds from Defendants. If multiple persons submit Approved Claims for the same fax number, the Settlement

5

**EXHIBIT 3**

Administrator shall divide the $500 payment equally among them. Checks issued to the claimants will be void 181 days after issuance.

12.     As agreed between the parties, the Court approves Class Counsel's request for attorney's fees in the total amount of $2,633,333.33 and out-of-pocket expenses of _____ [not to exceed $85,000]. Those amounts shall be paid from the Settlement Fund when the Final Judgment and Order becomes final as those terms are defined in the Settlement Agreement.

13.     As agreed between the parties, the Court approves a $15,000 service award to the named Plaintiff, Robert W. Mauthe, M.D., P.C., for serving as the Class Representative. In accordance with the Settlement Agreement, that amount shall be paid from the Settlement Fund when the Final Judgment and Order become final as those terms are defined in the Settlement Agreement.

14.     Claims or causes of action of any kind brought in this Court or any other forum by any member of the Settlement Class who did not request exclusion, or anyone claiming by or through him, her, or it, regarding the faxes in the class definition are barred pursuant to the Releases set forth in the Settlement Agreement. All persons and entities are enjoined from asserting any claims that are being settled or released herein, either directly or indirectly, against Defendants, in this Court or any other court or forum.  In addition, any rights of Plaintiff and each and every one of the Settlement Class members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws will be terminated.

**EXHIBIT 3**

15.     Plaintiff and each and every Settlement Class member, and any person actually or purportedly acting on behalf of Plaintiff or any Settlement Class member, are hereby permanently barred and enjoined from commencing, instituting, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral or other forum, against the Released Parties.  This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Approval Order, and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

16.     The Court expressly adopts and incorporates herein all the terms of the Settlement Agreement. The Parties to the Settlement Agreement shall carry out their respective obligations under that Agreement.

17.     This action is hereby dismissed with prejudice and without taxable costs to any Party. The Court retains jurisdiction over this action, Plaintiff and all members of the Settlement Class, and Defendants, to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to, their administration, implementation, interpretation, or enforcement. The Court further retains jurisdiction to enforce this Order.

**EXHIBIT 3**

18.   The Court finds that there is no just reason to delay the enforcement of this Final Approval Order.

BY ORDER OF THE COURT

Dated: _____        _____

Chad F. Kenney
United States District Judge

**EXHIBIT 3**