IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT W. MAUTHE, M.D., P.C., individually and as the representatives of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>ITG, INC., ITG INVESTMENT RESEARCH, INC., and M. SCIENCE LLC,<br><br>Defendants. | Case No. 5:18-cv-01968-MH<br><br>Honorable Marilyn Heffley |

## FINAL APPROVAL ORDER

On August 31, 2021, this Court entered an order (the "Preliminary Approval Order") (Doc. 134) granting preliminary approval to the settlement between plaintiff Robert W. Mauthe, M.D., P.C. ("Plaintiff"), on its own behalf and on behalf of the Settlement Class (as defined below), and defendants ITG, Inc., ITG Investment Research, Inc., and M Science LLC ("Defendants"), as memorialized in their Settlement Agreement filed with the Court on July 21, 2021 (the "Settlement Agreement") (Doc. 128-1).

On December 22, 2021, the Court held a fairness hearing (the "Final Approval Hearing"), for which members of the Settlement Class had been given appropriate, advance notice and invited to appear. All persons requesting to be heard in accordance with the Preliminary Approval Order were given an opportunity to be heard. Having considered the Settlement Agreement, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement, and all other evidence submitted, and good cause having been shown, **IT IS HEREBY ORDERED**:

1. The Court has jurisdiction over the parties, the members of the Settlement Class, and the claims asserted in this lawsuit.

2. The Settlement Agreement was entered into in good faith following arm's-length negotiations through a professional mediator and is non-collusive.

3. The following Settlement Class is certified for purposes of settlement and judgment pursuant to Federal Rule of Civil Procedure 23(a), (b)(3), and (e):

> All persons that were sent one or more facsimiles from "ITG Market Research" on: (1) August 28, 2014, August 29, 2014, or September 2, 2014, seeking paid participation in a study on catheter usage in spinal cord injury patients; (2) January 8, 2015 or January 12, 2015, seeking paid participation in a study on usage of a medical information website; or (3) March 20, 2015 or March 23, 2015, seeking paid participation in a study on neurological movement disorders.

Excluded from the Settlement Class are (1) Defendants, any parent, subsidiary, affiliate, or controlled person of any Defendant, as well as their attorneys, officers, directors, agents, servants, or employees, and the immediate family members of such persons; (2) the named counsel in the Action and each employee of their office or firm; and (3) the judge(s) assigned to the Action and his or her staff.

4. The Court finds that certification of the Settlement Class is appropriate under Federal Rule of Civil Procedure 23(a), (b)(3), and (e) because: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Phillip A. Bock of Bock Hatch & Oppenheim, LLC and Richard J. Shenkan of Shenkan Injury

Lawyers, LLC are adequate Class Counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

5. Plaintiff, Robert W. Mauthe, M.D., P.C., is appointed as the Class Representative and Phillip A. Bock of Bock Hatch & Oppenheim, LLC and Richard J. Shenkan of Shenkan Injury Lawyers, LLC are appointed as Class Counsel.

6. After due consideration of, among other things: (a) the uncertainty about the likelihood of the Settlement Class's ultimate success on the merits; (b) the range of the Settlement Class's possible recovery; (c) the complexity, expense and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of proceedings at which the settlement was achieved; (f) all written submissions, declarations and arguments of counsel; and (g) after notice and hearing, this Court finds that the settlement is fair, adequate, and reasonable.

7. As required by Rule 23 (e) (2), the Court finds that: (a) the Class Representative and Class Counsel have adequately represented the Settlement Class; (b) the proposed settlement was negotiated at arm's length; (c) the relief provided for the Settlement Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the Parties agreed to an effective method of distributing relief to the Settlement Class (direct notice by U.S. Mail and facsimile and a simple, one-page claim form with minimal and fair requirements); (iii) the Parties submitted copies of the signed Settlement Agreement; and (d) the proposed settlement treats class members equitably relative to each other. Pursuant to Federal Rule of Civil Procedure 23(e), the Court finds that the settlement of this action, as embodied in the terms of the Settlement Agreement, is a fair, reasonable, and

adequate settlement of this case, in the best interests of the Settlement Class, in light of all factual, legal, practical, and procedural considerations.

8. Accordingly, this Settlement Agreement should be and is APPROVED and shall govern all issues regarding the settlement and all rights of the Parties, including the Settlement Class Members. The Parties and their counsel shall implement and consummate the Settlement Agreement according to its terms and provisions.

9. All members of the Settlement Class who did not request exclusion, or whose exclusion request was not approved by the Court, are bound by this Order finally approving the Settlement. Each Class Member (including any person or entity claiming by or through him, her, or it) shall be bound by the Settlement Agreement, including the Releases set forth in the Settlement Agreement. The Settlement Agreement is binding on and has *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings brought or maintained by or on behalf of Plaintiff and all other Settlement Class Members who have not opted out of the Settlement.

7. Upon the Declaration of Dorothy Sue Merryman, the Court finds that the Class Notice was distributed by U.S. Mail and by facsimile to the Notice List of potential members of the Settlement Class. Further, the Settlement Administrator posted the Settlement Agreement, the Preliminary Approval Order, the Class Notice, and the Claim Form on the website class-settlement.com, where those documents could be viewed by persons who received the Class Notice.

8. The Court concludes that notice to the Settlement Class: (1) fully complied with the requirements of Federal Rule 23(c)(2)(B) and Constitutional due

4

process; (2) constituted the best notice practicable under the circumstances; (3) constituted notice that was reasonably calculated to apprise the members of the Settlement Class of the pendency of this Action, the settlement terms, and their right to object to or exclude themselves from the proposed Agreement and to appear at the Final Approval Hearing; and (4) constituted due and sufficient notice to all persons entitled to notice of the settlement of this Action. The Court also finds that the Parties have satisfied the requirements of Federal Rule 23(e)(1).

9. Two persons requested exclusion from the Settlement Class, which exclusion is approved by the Court. The following persons are excluded from the Settlement Class and the Orders entered by this Court in these proceedings: Fort Worth Brain and Spine Institute LLP and Tucson Orthopaedic Institute.

10. No objections were received.

10. Defendants have made available a total settlement fund of $7,900,000.00 (the "Settlement Fund") to pay approved claims, class action settlement administration costs, attorney's fees and expenses to Class Counsel, and a service award to Plaintiff.

11. As agreed in and subject to the Settlement Agreement, each person who submits an approved Claim Form will be mailed a check from the Settlement Fund for $500 for each of their fax numbers that appears on the Notice List. The Settlement Administrator will mail those checks after receiving funds from Defendants. If multiple persons submit Approved Claims for the same fax number, the Settlement Administrator shall divide the $500 payment equally among them. Checks issued to the claimants will be void 181 days after issuance.

12. As agreed between the parties, the Court approves Class Counsel's request for attorney's fees in the total amount of $2,633,333.33 and out-of-pocket expenses of $15,217.01 [not to exceed $85,000]. Those amounts shall be paid from the Settlement Fund when the Final Judgment and Order becomes final as those terms are defined in the Settlement Agreement.

13. As agreed between the parties, the Court approves a $15,000 service award to the named Plaintiff, Robert W. Mauthe, M.D., P.C., for serving as the Class Representative. In accordance with the Settlement Agreement, that amount shall be paid from the Settlement Fund when the Final Judgment and Order become final as those terms are defined in the Settlement Agreement.

14. Claims or causes of action of any kind brought in this Court or any other forum by any member of the Settlement Class who did not request exclusion, or anyone claiming by or through him, her, or it, regarding the faxes in the class definition are barred pursuant to the Releases set forth in the Settlement Agreement. All persons and entities are enjoined from asserting any claims that are being settled or released herein, either directly or indirectly, against Defendants, in this Court or any other court or forum. In addition, any rights of Plaintiff and each and every one of the Settlement Class members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws will be terminated.

15. Plaintiff and each and every Settlement Class member, and any person actually or purportedly acting on behalf of Plaintiff or any Settlement Class member, are hereby permanently barred and enjoined from commencing, instituting,

pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Approval Order, and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

16. The Court expressly adopts and incorporates herein all the terms of the Settlement Agreement. The Parties to the Settlement Agreement shall carry out their respective obligations under that Agreement.

17. This action is hereby dismissed with prejudice and without taxable costs to any Party. The Court retains jurisdiction over this action, Plaintiff and all members of the Settlement Class, and Defendants, to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to, their administration, implementation, interpretation, or enforcement. The Court further retains jurisdiction to enforce this Order.

18. The Court finds that there is no just reason to delay the enforcement of this Final Approval Order.

BY ORDER OF THE COURT

Dated: December 22, 2021

*/s/Marilyn Heffley*

Marilyn Heffley
United States Magistrate Judge